**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARCOS OSIEL RODRIGUEZ REZA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2312-R** |
| **FRED FIGUEROA, WARDEN, et al.**[1]**,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Marcos Osiel Rodriguez Reza, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents

1 The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 11, at 1 n.1.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

filed a response, Doc. 11, and the time for Petitioner to reply has expired. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and Petitioner's claims.

Petitioner is a native and citizen of Mexico who entered the United States at an unknown time. Petitioner states he was placed in removal proceedings on August 20, 2026, and those proceedings remain pending. Doc. 1, at 5; EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited on Nov. 3, 2026).

Petitioner asserts violations of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, and the Administrative Procedure Act. Doc. 1, at 16-21. He requests the following relief: (1) the issuance of an order for Respondent to show cause why the petition should not be granted; (2) an order enjoining Respondents from removing him from the United States or transferring him while this action is pending[4]; (3) a declaration that Respondents' continued detention of Petitioner without an

---

[4] The Court addressed this issue in part in its Order for Response, Doc. 9.

opportunity for an individualized bond hearing violates the Due Process Clause of the Fifth Amendment and exceeds the detention authority authorized by the INA; (4) a declaration that the application of 8 U.S.C. § 1225(b)(2) to Petitioner is unlawful as applied and constitutes ultra vires agency action; (5) the issuance of a writ of habeas corpus ordering Respondents to immediately release Petitioner from ICE custody or, in the alternative, order Respondents to provide Petitioner with a prompt individualized bond hearing before a neutral Immigration Judge within a time certain set by this Court; (6) an order that, at any such bond hearing, the government bears the burden of proving that continued detention is justified by flight risk or danger to the community; (7) an order directing Respondents, upon Petitioner's release from custody, to promptly return all personal property and identity documents seized in connection with detention to the extent that such items are in Respondents' possession, custody, or control, including, but not limited to, his driver's license, employment authorization document, and any other government-issued identification; (8) an award of Petitioner's reasonable attorneys' fees and costs to the extent permitted by law, including under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412[5]; and (9) to grant such other and further

[5] The Court need not address Petitioner's request for EAJA fees and costs as a prevailing party, as Petitioner must separately seek these after a final judgment. 28 U.S.C. § 2412(d)(1)(B).

relief as the Court deems just and proper. *Id.* at 21-22.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. Section 1226 applies to Petitioner.

Respondents acknowledge that *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. 2026) governs and that Petitioner is entitled to relief in the form of a bond hearing. Doc. 11, at 1. Sections 1225 and 1226 authorize detention in different domains. Section 1225 applies primarily to aliens "seeking admission" to the United States, while § 1226 "generally governs the process of arresting and detaining" noncitizens "pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Section 1225 generally applies at the border and

§ 1226 in the interior. *See, e.g.*, *Santillan Quiroz,* 180 F.4th at 1237 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner's current detention "is not part of the inspection process," and it did not "arise from an attempted entry at a port of entry." *Zhakhonov v. Grant*, Case No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Respondents acknowledge that *Santillan Quiroz* governs Petitioner's detention and that he is entitled to a bond hearing under § 1226(a). Doc. 11, at 1. The undersigned therefore concludes that § 1226(a), rather than § 1225(b)(2)(A), supplies the applicable detention framework. *See Zhakhonov*, 2026 WL 1865418, at *3 ("Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a).").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending

completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. The Government has not provided Petitioner with an individualized custody determination since his present detention began. Doc. 1, at 17-18. *See, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

Respondents note that a custody redetermination hearing was scheduled for October 6, 2026, but Petitioner withdrew his request for the hearing. Doc. 11, at 2; Doc. 12, Exs. 1, 2. The undersigned recognizes that Petitioner withdrew a custody redetermination request, and an IJ did not consider his

eligibility for release. Doc. 12, Ex. 2. Nonetheless, noncitizens detained under § 1226(a) are entitled to a bond hearing. *Santillan Quiroz*, 180 F.4th at 1237. Petitioner's withdrawal of his request for a bond hearing does not affect Respondents' duty to provide him one.

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner.[6] *See, e.g.*, *id.* at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a)."). To the extent that Petitioner raises additional claims, the

[6] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he poses a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 22. But in comparable cases, courts in this district have declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. District Court*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it here.

Court need not address them given the relief granted.

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 14, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to

---

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 4th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

need not be in every instance–particularly where strict application would undermine the habeas review process").